# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLYGUARD PRODUCTS, INC., | ) Civil Action |
| Plaintiff, | ) No. _____ |
| v. | ) |
| INNOVATIVE REFRIGERATION SYSTEMS, INC., | ) *Electronically Filed* |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AND FALSE ADVERTISING

Plaintiff POLYGUARD PRODUCTS, INC. ("Polyguard"), for its Complaint against Defendant INNOVATIVE REFRIGERATION SYSTEMS, INC. ("Innovative"), respectfully avers as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement and false advertising arising under the Patents Laws of the United States, 35 U.S.C. § 1 *et seq*. and the Lanham Act, 15 U.S.C. § 1051 *et seq*.

## THE PARTIES

2.  Polyguard is an Oklahoma corporation with a principal place of business at 4101 S-I-45, Ennis, Texas 75119.

3.  Innovative is a Pennsylvania corporation with a principal place of business at 373 Mt. Torrey Road, Lyndhurst, Virginia 22952, and a place of business at 111 Park Drive #C, Montgomeryville, PA 18936 in Montgomery County, Pennsylvania. Innovative has described itself as growing "from a family-owned 'garage shop' to a nationwide powerhouse in the cold storage and food processing industry." Upon information and belief, Innovative has sold products

and services in this District, and harm is being felt by Polyguard in this District as a result of such sales.  Innovative maintains a presence in this District, including hiring and maintaining employees based in Aliquippa, Pennsylvania.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Innovative because it is a Pennsylvania corporation.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Innovative resides in this District.

## COUNT I – PATENT INFRINGEMENT

7.      Polyguard incorporates by reference the contents of Paragraphs 1-6 of this Complaint.

8.      On December 18, 2001, U.S. Patent No. 6,331,509 (the "'509 Patent") was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '509 Patent is attached as Exhibit A.

9.      Polyguard is the successor, by assignment, of the original patentee, Elisha Technologies Co. LLC.

10.     After the issuance of the '509 Patent and within six years immediately before the filing of this Complaint, Innovative has and currently is infringing the '509 Patent by using, offering to sell and selling the invention protected by the '509 Patent with the United States, without the authorization of Polyguard.

11.     In particular, Innovative has used, offered to sell and sold the Food-Grade Pipe Coating product it identifies as IRS-1726.

12. In addition, Innovative has induced others to commit acts that directly infringe the '509 Patent.

13. Polyguard has been damaged by Innovative's acts of direct and induced infringement in an amount at present unknown.

## COUNT II – FALSE ADVERTISING

14. Polyguard incorporates by reference the contents of Paragraphs 1-13 of this Complaint.

15. Innovative, in connection with its IRS-1726 product, has used in commerce, in commercial advertising or promotion, false or misleading descriptions and representation of facts, which misrepresents the nature, characteristics, qualities of its IRS-1726 product.

16. In particular, Innovative has advertised and promoted its IRS-1726 product using the promotional sheet attached as Exhibit B, which claims that IRS's pipe coating has "the same properties as competitive products". The IRS product does not have the same properties as Polyguard's competitive product. The commercial advertising at Exhibit B compares properties of Innovative's IRS-1726 pipe coating to Polyguard's competitive RG 2400-LT product. Exhibit B states that the IRS-1726 product passes the corrosion test known as ASTM B117. This statement is false because the product is not able to pass that test.

17. Upon information and belief, these false statements have been made knowingly and willfully in an effort to damage Polyguard and/or unfairly compete with Polyguard.

18. Polyguard believes it has been damaged by Innovative's false descriptions and representations and that, unless restrained by this Court, Innovative will continue to make false descriptions and representations which will cause irreparably harm to Polyguard.

**PRAYER FOR RELIEF**

WHEREFORE, Polyguard prays:

(a) that the Court find that Innovative has, directly and by inducement, infringed the '509 Patent;

(b) that Polyguard be awarded a judgment against Innovative for the damages caused by its infringement and, in no event, less than a reasonable royalty for the use Innovative made of the invention protected by the '509 Patent, together with interest and that the damage be increased up to three times the amount found;

(c) that the Court find that Innovative has used false and misleading descriptions and representations of fact regarding its IRS-1726 FPG product and that these descriptions and representations have damaged and, unless restrained, will continue to damage Polyguard;

(d) that Polyguard be awarded a judgment against Innovative for the damages caused to Polyguard by Innovative's false advertising and the profits wrongfully obtained by Innovative attributable to its false advertising;

(e) that the Court enter an injunction enjoining Innovative from using false descriptions and misrepresentations about its IRS-1726 FPG product including those contained in its advertising and promotion attached as Exhibit B to this Complaint.

(f) that Polyguard be awarded its costs in this action and, if the Court finds this to be an exceptional case, its attorneys' fees, and

(g) that the Court grant such other relief, legal or equitable, that to this Court appears just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Polyguard hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

**THE WEBB LAW FIRM**

Dated: September 21, 2017

s/ *Cecilia R. Dickson*
Cecilia R. Dickson (PA ID No. 89348)

One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
cdickson@webblaw.com

*AND*

John M. Cone
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway, Suite 600
Plano, TX 75093
972.826.4436
972.378.9115 (fax)
jcone@dallasbusinesslaw.com
(*Pro Hac Vice* to be submitted)

*Attorneys for Plaintiff*